1

2

3

4

5

6       IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8

9   BARRY LONG, a Washington resident.          )
                                                )
10                                              )    NO.
                  Plaintiff,                    )
11                                              )    COMPLAINT FOR
         vs.                                    )    DECLARATORY
12                                              )    AND INJUNCTIVE RELIEF
    HOLLYWOOD VINEYARDS, LLC, a                 )
13  Washington corporation,                     )    **JURY DEMAND**
                                                )
14                Defendant.                    )
                                                )
15  _____   )

16

17      COMES NOW, Plaintiff, Barry Long, by and through his attorneys, Lance M.

    Hester of the Hester Law Group, Inc., P.S. and Conrad A. Reynoldson of Washington
18
    Civil & Disability and for his Complaint for Declaratory and Injunctive Relief states and
19
    alleges as follows:
20

21                      **I.      OVERVIEW**

22  1.  The Americans with Disabilities Act and the Washington Law Against

23         Discrimination require places of public accommodation to be accessible to people

24         with disabilities.

25

COMPLAINT FOR DECLARATORY                        HESTER LAW GROUP, INC., P.S.
AND INJUNCTIVE RELIEF - 1                         1008 SOUTH YAKIMA AVENUE, SUITE 302
                                                 TACOMA, WASHINGTON 98405
                                                 (253) 272-2157

2. A restaurant, bar, or other establishment serving food or drink is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3. Twenty-six years after the passage of the Americans with Disabilities Act, Defendants discriminate against individuals with disabilities because they own or operate places of public accommodation that do not comply with the ADA's accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings this action to end the Defendants' civil rights violations against persons with mobility disabilities committed by Hollywood Vineyards, LLC which owns the property where The Commons operates their place of public accommodation.

## II.    PARTIES

5. Plaintiff, Barry Long, is a Washington resident and he resides in this district.

6. Mr. Long is a qualified person with a disability who uses a manual wheelchair and a modified vehicle for transportation and requires accessible parking and an accessible route to patronize The Commons.

7. Hollywood Vineyards, LLC is a Washington corporation.

8. James E. Gorman is the Registered Agent for Hollywood Vineyards, LLC.

9. The address for Hollywood Vineyards, LLC's Registered Agent is 12916 Thomas Rd KPN, Gig Harbor, WA 98329.

\*\*

\*\*

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

### III.    JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

11. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

12. This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

13. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiffs' Complaint for Injunctive Relief and Damages occur in this district.

### IV.    FACTUAL ALLEGATIONS

14. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

15. The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

16. The Commons is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carrie Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 3

17. Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

18. Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

19. Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

20. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

21. Mr. Long is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

**

**

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

**The Commons**

22. Mr. Long is a Woodinville resident and previously patronized The Commons using his wheelchair and modified vehicle, and he plans to do so again in the future.

23. Mr. Long observed a concerning lack of parking accessibility.

24. The Commons do not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) 2010 ADA Standards for Accessible Design (2010 Standards).

25. When he patronized various tenants of the Commons Mr. Long observed an insufficient total number of accessible parking spaces, no van accessible parking spaces, missing accessible parking signage, insufficiently high accessible parking signage, an insufficiently wide access aisle, and an accessible parking slope violation.

26. Mr. Long requires compliant accessible parking in order to safely patronize the tenants of the Commons.

27. The Commons is not safe for people who use wheelchairs and modified vehicles because they do not comply with the ADA's accessibility laws and regulations.

28. The Commons is not welcoming to people who require the use of wheelchairs and modified vehicles because it does not comply with the ADA's accessibility laws and regulations.

29. The failure of Hollywood Vineyards, LLC to make The Commons comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

## V.    FIRST CAUSE OF ACTION

30. Mr. Long incorporates by this reference the allegations in the paragraphs above.

31. Mr. Long is a qualified individual with a disability within the meaning of Title III of the ADA.

32. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

33. Defendant, Hollywood Vineyards, LLC owns or leases the property where The Commons are located.

34. The Commons are places of public accommodation. 42 U.S.C. § 12181(7)(B).

35. Defendants have discriminated against Plaintiff on the basis of his disabilities.

36. Defendant's discriminatory conduct includes but is not limited to:

    a.   Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b.   Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c.   Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

    d.  Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    e.  Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

37. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the restaurants in question in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

38. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Long, and this harm continues.

39. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Long to declaratory and injunctive relief. 42 U.S.C. § 12188.

40. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Long to recover his reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.    SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

41. Plaintiff, Mr. Long incorporate by this reference the allegations in the paragraphs above.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 7

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

42. Mr. Long is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

43. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

44. Defendant, Hollywood Vineyards, LLC, leases the property at 14481 Woodinville-Redmond Rd NE, Woodinville 98072 to The Commons.

45. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

46. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

47. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Long has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

48.  Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr.  Long the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

49. Mr.  Long has a clear legal right to access The Commons under the Washington Law Against Discrimination.

50. Mr. Long has the right for The Commons to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

51. The Commons does not comply with the ADA's accessibility laws and regulations.

52. Because the The Commons property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

53. Pursuant to RCW § 49.60.030(2), Mr. Long is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Mr. Long respectfully requests  that this Court:

1.  Assume jurisdiction over this action;

2.  Find and declare Defendant Hollywood Vineyards, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 9

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

because the The Commons does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the The Commons property into compliance with the ADA's accessibility laws and regulations;

4. Award Mr. Long reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 122205 and Wash. Rev. Code§ 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Mr. Long for violations of his civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper and equitable.

DATED this 23rd day of February, 2017.

HESTER LAW GROUP, INC., P.S.
Attorneys for Plaintiff


By: _____
       Lance M. Hester
       WSB# 27813

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff


By: _____
       Conrad A. Reynoldson
       WSB# 48187

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134
conrad.wacda@gmail.com

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 10

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157