UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARRY LONG,

        Plaintiff,

    v.

HOLLYWOOD VINEYARDS, LLC,

        Defendant.

CASE NO. C17-296 RSM

ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN LAWSUIT, AND FOR RELIEF FROM FINAL ORDER DISMISSING CASE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Re-Open Lawsuit, and for Relief from Final Order Dismissing Case. Dkt. #11. Plaintiff alleges that Defendant has not complied with the terms of the parties' settlement agreement that led to dismissal of this action and seeks to "re-open" this action. *Id.* Defendant disagrees[1] and argues that it has complied with the settlement agreement, that Plaintiff's Motion is untimely, and that Plaintiff is attempting to, in essence, extort attorneys' fees from Defendant. Dkt. #13. Neither party has requested oral argument and the Court finds oral argument unnecessary to its resolution of the Motion. After considering the Motion, and for the following reasons, the Motion is denied.

---

[1] As noted below, Defendant's appearance and filing is procedurally improper and the Court has not relied on it in ruling on Plaintiff's Motion.

ORDER – 1

## II. BACKGROUND

Plaintiff filed this lawsuit on February 23, 2017, alleging that Defendant violated the Americans with Disabilities Act (42 U.S.C. §§ 12101–12213) by failing to make its place of public accommodation accessible. Dkt. #1. Plaintiff alleged, more specifically, that the property had "an insufficient total number of accessible parking spaces, no van accessible spaces, missing accessible parking signage, insufficiently high accessible parking signage, an insufficiently wide access aisle, and an accessible parking slope violation." Dkt. #1 at ¶ 25. Plaintiff alleged that because of the inadequacies, Defendant discriminated against Plaintiff on the basis of his disability and denied him full and equal enjoyment of Defendant's place of public accommodation. Dkt. #1 at ¶ 32. Plaintiff similarly alleged that the conduct violated the Washington Law Against Discrimination, (Chapter 49.60, REV. CODE WASH.).

On June 9, 2017, the parties filed a Stipulated Motion for Dismissal. Dkt. #9. Pursuant to the parties' stipulation, and on June 12, 2017, the Court entered an order dismissing this case "in its entirety with prejudice and without costs, fees, or interest to any party." Dkt. #10.

More than a year later, on October 10, 2018, Plaintiff filed his Motion to re-open the case. Dkt. #11. Plaintiff indicates that prior to dismissing the case, the parties entered into a settlement agreement and that Defendant has not complied with the terms of that agreement. *Id.* at 2–4. Invoking Federal Rule of Civil Procedure 60, Plaintiff seeks to re-open the case to "pursue the unremedied allegations in its Complaint." *Id.* at 4. Alternatively, Plaintiff asks that the Court order specific performance. *Id.* In either case, Plaintiff requests that the Court award him attorneys' fees. *Id.*

Defendant has attempted to respond through a filing by its governor and registered agent, James Gorman. Dkt. #14. However, Defendant's appearance and filing is procedurally improper

ORDER – 2

for several reasons and the Court has not relied on it. First, Defendant continues to be represented by counsel of record. *See* LCR 83.2(b)(7) ("Unless the attorney withdraws in accordance with these rules, the authority and duty of an attorney of record shall continue after final judgment."). Second, as a represented party, Defendant "cannot appear or act" on its own behalf without the Court's leave—which it does not seek. LCR 83.2(b)(5). Third, and most importantly, Defendant, as a business entity, may not appear pro se. LCR 83.2(b)(4); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted). For these reasons, James Gorman's filing, purportedly on behalf of Defendant, is improper and will not be considered.

### III. DISCUSSION

Federal Rule of Civil Procedure 60 provides, in pertinent part, that:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.
> **(c) Timing and Effect of the Motion.**
> **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
> **(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

ORDER – 3

Fed. R. Civ. P. 60(b)–(c). Plaintiff may not proceed under Rule 60(b)(1)–(3), as his Motion was filed more than a year after the entry of the order of dismissal. *See Ackermann v. United States*, 340 U.S. 193, 197 (1950) (text of the rule itself makes clear that a motion seeking relief from a judgment older than a year may not be pursuant to Rule 60(b)(1)). The provisions of Rule 60(b)(4)–(5) do not appear to be relevant and Plaintiff does not argue that they are. Plaintiff is therefore left to argue that there is an "other reason that justifies relief" under Rule 60(b)(6).

A motion under Rule 60(b)(6) must present "extraordinary circumstances" to warrant relief. *See United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (noting need for "extraordinary circumstances" to utilize Rule 60(b)(6)). In certain circumstances, an alleged breach of a settlement agreement can justify relief from a prior order of dismissal. *See*, *e.g.*, *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410–11 (9th Cir. 1991) (finding relief from order of dismissal appropriate where there was "repudiation, or 'complete frustration,' of the settlement agreement"). In this case, Plaintiff acknowledges that Defendant has taken some steps to implement the settlement agreement and that there is not outright repudiation. Dkt. #14 at 1 ("Defendant has not *fully* complied with the terms of the Settlement Agreement"); Dkt. #14-1 at 8 (indicating dispute is over two of six remedial measures).

Plaintiff's Motion must also be denied because it does not make clear that the dispute falls within the Court's jurisdiction. The Supreme Court has specifically noted that the Court must be cautious of exercising jurisdiction over alleged breaches of settlement agreements after entering an order of dismissal.

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined

ORDER – 4

with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). Here, the parties did not make such a request and the Court did not incorporate the terms of the settlement agreement into the dismissal order and did not retain jurisdiction to enforce the agreement. Dkt. #10. Therefore, the instant dispute appears as though it may be more appropriately resolved in state court.[2]

## IV. CONCLUSION

Having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Re-Open Lawsuit, and for Relief from Final Order Dismissing Case (Dkt. #11) is DENIED.

DATED this 8th day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Plaintiff's Complaint, the Court clearly does not have diversity jurisdiction over this matter. *See* Dkt. #1 at ¶¶ 5–9 (alleging that all involved parties are residents of Washington).

ORDER – 5